USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRENCE PENDERGRASS,

          Plaintiff,

          v.

UNITED STATES OF AMERICA,

          Defendant.

No. 16-CV-5714 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Petitioner Terrence Pendergrass has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his December 2014 conviction for deprivation of civil rights under color of law pursuant to 18 U.S.C. § 242. On October 30, 2019, Magistrate Judge Debra Freeman issued a Report and Recommendation (the "Report") recommending that the Court deny the Petition and decline to issue a certificate of appealability. *See* Dkt. 18. Petitioner filed objections to the Report on November 7, 2019, Dkt. 19, and the Government filed a brief letter in response on November 21, 2019, Dkt. 20.

The Court assumes the parties' familiarity with the facts, as outlined in detail in the Report. For the following reasons, the Court adopts Judge Freeman's thorough and well-reasoned Report in its entirety. The Petition is therefore denied.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a), a person convicted in federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized

by law, or is otherwise subject to collateral attack." The reviewing court may grant relief to a habeas petitioner "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1)(C). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(3)). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Id.* (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Moreover, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Reyes v. Superintendent of Attica Corr. Facility*, No. 11-CV-2479 (RA), 2015 WL 3526093, at *4 (S.D.N.Y. June 2, 2015) ("[T]o the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.") (citation omitted). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680 (RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19,

2015) (citation omitted).

## DISCUSSION

Petitioner makes several objections to the Report. The vast majority of these objections, however, merely reiterate arguments made to Judge Freeman, and are thus reviewed for clear error. *See Walker*, 216 F. Supp. 2d at 292.

Petitioner primarily objects to the fact that the Report "credited an affidavit" from his trial counsel, Samuel Braverman, over affidavits submitted on reply by Petitioner and Patrick Ferraioulo, Petitioner's former municipal union representative. *See* Obj. at 2. As detailed in the Report, Braverman's affidavit explains certain of his trial decisions and overall trial strategy, including why he did or did not call certain witnesses. *See* Report at 19-20; Braverman Aff., Dkt. 12-1. Petitioner asserts that the affidavits submitted by him and Ferraioulo "controvert trial counsel's assertions" and "at least in part corroborate what each stated had occurred," Obj. at 3, and claims that the Report's "apparent basis for crediting counsel's affidavit appears to be that trial counsel is an officer of the court and the opposing affiants are not." Obj. at 6.

This objection is baseless. The Report carefully considered the affidavits submitted on reply by both Petitioner and Ferraioulo, *see* Report at 25-27, and found that none of the assertions contained therein, "even if taken at face value, [were] sufficient to demonstrate that Braverman's trial performance was deficient." *Id.* at 27. In so doing, Judge Freeman did not err in considering "the significance" of certain statements in Petitioner's affidavit that directly conflicted with statements in Braverman's affidavit, and accepting Braverman's statements, which were made under penalty of perjury, over Petitioner's self-serving and conclusory ones. *See id.* at 28-29; *see also, e.g., Al Kassar v. United States*, No. 13 Civ. 3541 (JSR) (JLC), 2014 WL 1378772, at *10 (S.D.N.Y. Apr. 8, 2014), *report and recommendation adopted*, 2014 WL 3417643 (S.D.N.Y. July

3

14, 2014) ("'[F]aced with self-serving allegations that are contradicted by a credible affirmation by a trial attorney,' this Court 'choose[s] to credit the attorney and dismiss the ineffective assistance of counsel claim without further hearings.'") (citation omitted). Critically, Judge Freeman concluded that neither of the affidavits submitted by Petitioner actually set forth what the testimony of the additional witnesses would have been at trial, Report at 27, and even if the witnesses identified by Ferraioulo would have testified consistently with the statements referenced in his affidavit, "those statements would not have obviously advanced Petitioner's defense." *Id.* at 28. Petitioner has not cured these deficiencies in his Objections. Judge Freeman was correct to conclude that Braverman's representation was not constitutionally deficient, and that, in any event, Petitioner has failed to demonstrate that Braverman's "errors, even if unreasonable, would have affected the outcome of the trial." *See id.* at 30.[1]

As to the witnesses that Braverman purportedly failed to call, Petitioner relies on the very same reasons he asserted in his reply letter, *see* Reply, Dkt. 15, at 3-4, and argues that Braverman's failure to call witness such as inmates Jonathan Cabrera, Gabriel Vasquez, and Bruce Rivers, as well as Correctional Officers Seonarian and McQuillar—all of whom Petitioner asserts were "in a position to controvert and discredit the testimony of the Government's main witnesses"—could not have been "trial strategy." *See* Obj. at 2. Petitioner also objects to the Report's finding that he could not "prevail on his claim concerning trial counsel's failure to call witnesses without stating exactly what testimony the witnesses would have provided," *id.* at 4, and submits, from his perspective, what these witnesses would have reasonably testified about. Again, however,

---

[1] The Court also notes that Judge Freeman correctly concluded that Petitioner has not demonstrated how his counsel's failure to review all of the available audio recordings was constitutionally deficient or how such a decision prejudiced him. *See* Report at 20-21.

4

Petitioner's arguments regarding the purported details of testimony these witnesses may have given are the same arguments Petitioner previously asserted in both his Petition and reply letter, *see* Pet., Dkt. 2, at 7-8; Reply, Dkt. 15, at 3-4, which the Report addressed. *See* Report at 17-19, 23-25. Indeed, taking into account Petitioner's defense at trial, Judge Freeman carefully analyzed the purported testimony of such witnesses, and determined that the testimony would not "have impacted the outcome of the trial." *Id.* at 32. In short, as the Report correctly stated, Petitioner has not demonstrated that any of the witnesses "would have given testimony that actually would have tended to exonerate him," as is required under the standard. *Id.* at 30. The Court finds no clear error in connection with these findings.

Judge Freeman also did not err in citing *Krasniqi v. United States*, 195 F. Supp. 3d 621 (S.D.N.Y. 2016), or *Johnson v. United States*, No. 15 Civ. 3956 (RJS), 2018 WL 4625799 (S.D.N.Y. Sept. 26, 2018), to support the proposition that, in order to prevail on an ineffective assistance claim premised on counsel's purported failure to call certain witnesses, "a petitioner must do more than offer his own unsupported assertions regarding how the witnesses would have testified; generally, he must produce affidavits from the witnesses in question." *See* Report at 22. Petitioner argues that, unlike in *Krasniqi v. United States*, here, "there exists more than 'self-serving, uncorroborated and improbable assertions' as to how these witnesses would testify" because, as contained in the 3500 material provided by the Government during trial, there were "prior statements of these witnesses given to law enforcement authorities." *See* Obj. at 4. To the extent that Petitioner is referring to Cabrera's statement, given to Department of Corrections investigators and attached to his Petition as Exhibit A, Judge Freeman expressly addressed that statement as the "only evidence submitted by Petitioner with his Petition that arguably provides insight into how any of the identified inmate witnesses may have testified at trial." *See* Report at

5

24-25. Nevertheless, Petitioner has not demonstrated a likelihood that Cabrera's testimony would have "tended to exonerate him" or otherwise change the outcome of the trial. *See* Report at 24 ("While [Cabrera's] testimony might have been helpful in impeaching Castro's credibility, the summary of Cabrera's interview also suggests that Cabrera could have testified that he heard Echevarria say that he could not breathe, and that other inmates were aware that Echevarria was suffering and required medical attention."). Petitioner does not specifically raise any other "prior statements" in his Objections.[2]

Petitioner also suggests that *Johnson v. United States* is inapposite because the affidavit from the petitioner in that case was "determined to contain allegations which were proven untrue." *See* Obj. at 4-5. But in rejecting the petitioner's ineffective assistance of counsel claim with respect to the alleged failure to call alibi witnesses, the *Johnson* court did not rely solely on the fact that the petitioner's affidavit contained false allegations. To the contrary, the court considered a number of factors, and ultimately concluded that the petitioner's claim would fail even if it were to credit the statements in his affidavit. *Johnson*, 2018 WL 4625799, at *4. The court reasoned that, as to one of the witnesses, the petitioner did not submit an affidavit from the witness "stating that she would have been willing to testify and the nature of that testimony," and as to the other witness, even though the petitioner *did* submit an affidavit, the "testimony consistent with [that witness's] affidavit would not have affected the outcome of the case." *Id.* Other courts have come to similar conclusions. *See, e.g., Nappy v. United States*, No. 13-CV-5888 (CM), 2014 WL 6792001, at *8 (S.D.N.Y. Nov. 21, 2014) ("Courts have rejected ineffective assistance claims

---

[2] Moreover, in *Krasniqi*, the court rejected the petitioners' ineffective assistance of counsel claim even where some of the witnesses submitted affidavits explaining the testimony they would have provided if called at trial. *See Krasniqi*, 195 F. Supp. 3d at 631-34. Despite those affidavits, the court found that the petitioners failed to show that their counsel's performances fell below an objective standard of reasonableness, or that counsel's decisions altered the outcome of the trial or rendered it fundamentally unfair. *Id.* at 630, 634.

6

based on the failure to call witnesses where petitioners fail to provide affidavits from the prospective witnesses stating what they would have been willing to testify about.") (citations omitted); *United States v. Peterson*, 896 F. Supp. 2d 305, 316 (S.D.N.Y. 2012) (same). It was therefore not error for the Report to conclude that, without affidavits from the witnesses in question, Petitioner's self-serving assertions are insufficient to support his ineffective assistance of counsel claim.

Finally, Petitioner objects to the Report's findings regarding "the cumulative effect of additional features, i.e. the Kastigar issue and the erroneous conscious avoidance jury instruction." Obj. at 7. Not only did the Second Circuit reject Petitioner's contentions regarding the Kastigar issue and the conscious avoidance jury instruction, but Petitioner explicitly raised the "cumulative effect" argument before Judge Freeman. *See* Reply, Dkt. 15, at 1-2. Petitioner now urges that "the Kastigar issue, the erroneous jury instruction and the utter failure to call any fact witnesses in his defense created the cumulative effect of denying Petitioner effective assistance of counsel, which created a high probability of a different verdict had these issues been probably addressed and evidence presented on his behalf." Obj. at 8. In the Report, however, Judge Freeman carefully considered and rightly rejected this same argument. *See* Report at 38-40.

The Court thus finds no error—clear or otherwise—in Judge Freeman's Report. *See, e.g., Walker*, 216 F. Supp. 2d at 292. Even if the Court were to review the Report *de novo*, its conclusion would be the same, and would rest on the same reasoning as that articulated by Judge Freeman.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Accordingly, the petition for a writ of habeas corpus is denied, and the action is dismissed. Because the Petition makes no substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 30, 2019
       New York, New York

Ronnie Abrams
United States District Judge